UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-22-01273-MWF (MAA)                    Date:  March 7, 2023
Title:  Vincent W. Ziegler v. Caritas Corporation et al

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                                  Court Reporter:
Rita Sanchez                                   Not Reported

Attorneys Present for Plaintiff:               Attorneys Present for Defendants:
None Present                                   None Present

**Proceedings (In Chambers):**   ORDER RE: DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS [40]; PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [48]

Before the Court are two motions:

First is Defendants' (Caritas Corporation, Birtcher Anderson & Davis Associates Inc., Teresa Everhart, Mary Fulkerson, and Dave Fulkerson) Motion for Judgment on the Pleadings for Lack of Subject Matter Jurisdiction (the "SMJ Motion"), filed on December 12, 2022.  (Docket No. 40).  Pro se Plaintiff Vincent W. Ziegler filed an Opposition on January 20, 2023.  (Docket No. 46).

Second is Plaintiff's Motion to Amend the Complaint (the "Motion to Amend"), filed on February 2, 2023.  (Docket No. 48).  Defendants filed an Opposition on February 21, 2023.  (Docket No. 52).

The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

The SMJ Motion is **GRANTED** because this Court lacks jurisdiction over this action.  Accordingly, the Complaint is **DISMISSED** *without prejudice* and the Motion to Amend is **DENIED** *as moot*.  Jurisdiction is determined at the time of the filing of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-22-01273-MWF (MAA)  Date: March 7, 2023
Title: Vincent W. Ziegler v. Caritas Corporation et al

the Complaint and a party may not seek to amend the Complaint to manufacture jurisdiction where it does not otherwise exist. Plaintiff relies on federal question jurisdiction but the claims that could possibly be construed as relying on federal law are wholly insubstantial and frivolous and are insufficient to confer jurisdiction. Therefore, the Court must dismiss. Plaintiff is free to refile his claims in state court.

I.  **BACKGROUND**

Defendant Birtcher Anderson & Davis Associates Inc. owns and operates, and Defendant Everhart manages, Aztec Senior Mobile Home Estates ("Aztec Estates"). (Complaint ¶¶ 7, 8). Plaintiff owns a home at Aztec Estates. (*Id.* ¶ 6). Defendants Mary and Dave Fulkerson are owners of another mobile home at Aztec Estates. (*Id.* ¶¶ 9-10).

Plaintiff alleges that Defendants subjected Plaintiff to discrimination based on his age, disability, sexual orientation and retaliated against him for being a "whistleblower." (*Id.* ¶ 1). Additionally, Plaintiff alleges that Defendants conspired together to engage in a hate crime and harassment, which caused Plaintiff extreme emotional distress and loss of reputation. (*Id.* ¶ 31).

Specifically, Plaintiff alleges that Defendants defamed him during an incident occurring on May 6, 2022, at the Aztec Estates, where Plaintiff resides. (*Id.* ¶ 1). Furthermore, Plaintiff claims that Defendants retaliated against him for his complaints about his living situation by issuing a 7-day notice, which led to an "unwarranted lock-out" of the properties' front gate and all amenities and could possibly lead to an eviction. (*Id.* ¶ 2).

The Complaint asserts seven claims for relief against Defendants: (1) "Violation of the Civil Rights Act of 1866, 42 U.S.C. Section 1981 and California Civil Right," (2) "slander orally/written imputed with sexual orientation with malice and oppression and despicable conduct, and fraud," (3) "negligent infliction of emotional distress," (4) "whistle-blower U.S.C. § 463, 5 U.S.C. §2301, violation of 'hate crime,' violation of LGBTQ – Federal/State laws and Yucca Valley Laws, false publication, violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-22-01273-MWF (MAA)  Date: March 7, 2023
Title: Vincent W. Ziegler v. Caritas Corporation et al

---

Constitutional Right 1 & 2," (5) "conspiracy against Plaintiff, corruption or fraud," (6) "Cal.CC 1714 Reasonable Steps to Prevent Crime;798.84et.seq Breach the covenant of a 'Hate Crime,'" and (7) "age and disability and retaliation and sex discrimination under Title VII and Senior Abuse." (*Id.* ¶¶ 78-165).

### III. SUBJECT-MATTER JURISDICTION

Federal jurisdiction may be established pursuant to 28 U.S.C. §§ 1331 or 1332. Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

#### A. Federal Question Jurisdiction

Under § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

Plaintiff alleges jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1391. Additionally, in various paragraphs of the Complaint Plaintiff mentions the following federal statutes: 20 U.S.C. § 1706, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

"[W]here the complaint ... is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court ... must entertain the suit." *Bell v. Hood*, 327 U.S. 678, 681–82 (1946). However, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes" (1) "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "where such a claim is wholly insubstantial and frivolous." *Id.* at 681–83; *Republic of Philippines v. Marcos*, 818 F.2d 1473, 1478 (9th Cir. 1987).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-22-01273-MWF (MAA)          **Date:** March 7, 2023
**Title:** Vincent W. Ziegler v. Caritas Corporation et al

Defendants argue that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Defendants, as private parties, contend that they were not acting under the color of state law, nor can their alleged actions be characterized as state action. (SMJ Motion at 6). The Court agrees. To maintain an action under § 1983, a plaintiff must establish: "(1) that the conduct complained of was committed by a person acting under the color of state law and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015). Here, none of the Defendants acted under the color of state law, as they are all private citizens without connection to the State.

Further, Defendants point out 42 U.S.C. § 1981 does not apply either, as the statute only covers racial discrimination. The Complaint does not allege discrimination based on race.

Next, Defendants argue, and the Court agrees, that none of the other statutes cited by Plaintiff throughout the Complaint is applicable here for the following reasons:

- 28 U.S.C. § 451 defines terms as used in Chapter 21 of Title 28, the General Provisions Applicable to Courts and Judges;

- Merely mentioning 28 U.S.C. § 1331 does not confer subject matter jurisdiction unless it is premised on a substantive federal law or question;

- 28 U.S.C. § 1337 concerns commerce and antitrust regulations, which are topics not implicated by the allegations here;

- 28 U.S.C. § 1343 does not create any substantive rights. Rather, § 1343 simply provides jurisdiction to federal courts for litigation arising under the Constitution or federal statutes providing for equal rights. *See Watkins v. Sanders*, No. 09-CV-0569-W-BLM, 2010 WL 2232154, at *6 (S.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-22-01273-MWF (MAA)      Date: March 7, 2023

Title: Vincent W. Ziegler v. Caritas Corporation et al

---

Cal. June 3, 2010). While the Complaint states that the Defendants violated "Constitutional Rights 1 & 2" it provides no additional information concerning those allegations sufficient to confer jurisdiction, and could not do so given the Defendants are not state actors;

- 28 U.S.C. § 1391 merely describes where proper venue is; it has no bearing on subject matter jurisdiction. Sixth, 20 U.S.C. § 1706 concerns equal educational opportunities, which are not relevant here;

- The Civil Rights Act of 1991 concerns the right of employees to sue their employers for discrimination, but Plaintiff is not employed by any of the Defendants; and

- Plaintiff mentions discrimination under "LGBTQ Laws of the United States." (Complaint at 5). But Plaintiff does not cite any substantive law violated by the non-state Defendants in this action.

Because the Court must conclude that Plaintiff's "federal" claims are clearly "immaterial" or "wholly insubstantial and frivolous," the Court determines that the Complaint does not establish that any of Plaintiff's claims arise under federal law.

### B. Diversity Jurisdiction

Jurisdiction under § 1332 requires that the amount in controversy exceed $75,000 and that the parties meet the complete diversity rule. 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). For complete diversity to exist, the state citizenship of every plaintiff must differ from the state citizenship of every defendant. *Newman-Green*, 490 U.S. at 829.

According to the Complaint, it appears that Plaintiff and all Defendants are citizens of California. (Docket No. 1, ¶¶ 5-10). Therefore, diversity jurisdiction does not exist.

---

**CIVIL MINUTES—GENERAL**      5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-22-01273-MWF (MAA)          Date: March 7, 2023
Title: Vincent W. Ziegler v. Caritas Corporation et al

## IV. **MOTION TO AMEND**

After Defendants filed the SMJ Motion, Plaintiff shortly thereafter filed a Motion to Amend the Complaint to add a federal claim under the Fair Housing Act ("FHA"). The problem for Plaintiff is that "[s]ubject matter jurisdiction must exist as of the time the action is commenced. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380-81 (9th Cir. 1988) (internal citations omitted). If jurisdiction is lacking at the outset, the district court has "no power to do anything with the case except dismiss." *Id.* (citing Wright, Miller & Cooper, *Federal Practice and Procedure* § 3844, at 332 (1986)). Accordingly, a court must examine the original complaint "to determine whether the claim[s] alleged therein [are] one[s] over which the district court ha[s] jurisdiction." *Id.* If jurisdiction is lacking, then a court's order "granting leave to amend the complaint," is a "nullit[y]." *Id.*

Although amendments to a complaint under Rule 15 are usually freely given, a more detailed inquiry is required when a proposed amendment involves an attempt to confer subject matter jurisdiction. *See Multicultural Radio Broad., Inc. v. Korean Radio Broad., Inc.*, No. CV 15-1961 (SRC), 2017 WL 436250, at *12 (D.N.J. Jan. 31, 2017). Under 28 U.S.C. § 1653, plaintiffs can amend their complaints to cure defective allegations of jurisdiction or "technical errors in jurisdictional pleading." (*Id.*). A plaintiff who has either omitted or incorrectly stated allegations supporting their assertions of subject matter jurisdiction may be permitted to amend the complaint to demonstrate that such jurisdiction exists. (*Id.*). However, the statute does not "empower federal courts to amend a complaint to *produce* jurisdiction where none actually existed before." *Id.* (internal citations omitted) (emphasis added). Therefore, courts have held that § 1653 does not authorize the addition of a new federal cause of action to cure a lack of subject matter jurisdiction. (*Id.* at *13.)

Here, Plaintiff's proposed amended complaint asserts a new federal cause of action – namely, discrimination based on the FHA. Because this amendment does not simply cure a "technical defect" in Plaintiff's jurisdictional allegations, Plaintiff's Motion to Amend is not authorized by § 1653.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-22-01273-MWF (MAA)           Date: March 7, 2023
Title: Vincent W. Ziegler v. Caritas Corporation et al

    The presence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint, and the complaint seeks a remedy expressly granted by federal law. (*Id.* at \*14) (quoting *Caterpillar,* 482 U.S. at 392). Plaintiff's original Complaint seeks no such federal remedy; it only alleges state common law causes of actions with mere references to federal statutes that are inapplicable to Defendants.

    Simply put, the original Complaint does not reference a federal law with which Defendants have failed to comply.

    And regardless, the purported "federal" claims asserted in the Amended Complaint appear to be "immaterial, insubstantial, and frivolous, and made solely for the purpose of obtaining federal question jurisdiction," and therefore, "do not give rise to subject matter jurisdiction. *See, e.g., Erum v. Cnty. of Kauai*, No. 08-00113 SOM-BMK, 2008 WL 763231, at \*4 (D. Haw. Mar. 20, 2008), *aff'd*, 369 F. App'x 843 (9th Cir. 2010) (concluding that the plaintiff sought "to manufacture subject matter jurisdiction" after the court dismissed the original complaint for lack of subject matter jurisdiction and the plaintiff amended the complaint to add § 1983 claims that were "not colorable," and therefore, dismissing the action).

    As Defendant points out, Plaintiff does not allege any ***discriminatory*** conduct of Defendants, but rather the allegations appear to amount to a dispute among neighbors. Therefore, the claims clearly fall outside the scope of the FHA.

## V.   CONCLUSION

    Because the Court lacks subject matter jurisdiction, the SMJ Motion is **GRANTED.** This action is **DISMISSED** *without prejudice*.

    IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-22-01273-MWF (MAA)        **Date:** March 7, 2023

Title: Vincent W. Ziegler v. Caritas Corporation et al

      This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.